Note.—Reported in 202 N. W. 286. See, Headnote (1), American Key-Numbered Digest, Taxation, Key-No. 515, 37 Cyc. 1152 (1925 Anno.); States, Key-No. 67, 36 Cyc. 865; (3) Taxation, 37 Cyc. 726.

---

DRURY et al, Respondents, v. AUGSBURG, Appellant.

(202 N. W. 284.)

(File No. 5020.    Opinion filed February 16, 1925.)

**Brokers—Vendors and Vendees—Broker Entitled to Commission on Execution of Contract of Sale, Though Sale Never Consummated Because of Seller's Fault.**

In absence of contrary stipulation, broker engaged to sell realty was entitled to commission on execution of contract of sale and payment thereon, though sale was never consummated because seller did not own all of land contracted to be sold.

Appeal from Circuit Court, Hyde County; Hon. John F. Hughes, Judge.

Action by Ed. Drury and another, copartners doing business under the firm name and style of Drury & Sherer, against Henry Augsburg. Judgment for plaintiffs, and defendant appeals. Affirmed.

*M. C. Cunningham,* of Highmore, and *L. L. Stephens,* of Pierre, for Appellant.

*M. Harry O'Brien,* of Highmore, for Respondents.

Appellant cited: ˉ Holton v. Job Iron Co. (C. C. A.), 204 Fed. 947; Lyle v. University Land & Imp. Co., 30 S. W. 723; Lindley v. Fay (Cal.), 41 Pac. 333; Berg v. San Ant. Ry. Co., 43 S. W. 929; Montgomery v. Amsler, 122 S. D. 307; Mainhart v. Poerschke, 65 N. Y. Supp. 494; Hoyt v. Shepherd, 70 Ill. 309; Corbin v. Mechanics & Traders Bank, 106 N. Y. Supp. 573; Merritt v. Lillyblade (Wash.), 106 Pac. 621; Cain v. Masurette, 162 N. W. 287; Brownell v. Hanson, 186 Pac. 873; Sligh et al v. Stanley, 204 S. W. 700.

Respondents cited: Francis v. Baker, 47 N. W. 452; 19 Cyc. 243; McFarland v. Lillard, 28 N. E. 229; Whitaker v. Engle, 69 N. W. 493; Walsh v. Hastings, 38 Pac. 324; Gilmore v. Bailey, 103 Ill. App. 245; Stephens v. Scott, 23 Pac. 555; Locke v. Griswold, 70 S. W. 400; Rice v. Mayo, 107 Mass. 550; Coward v. Clanton, 55 Pac. 147; 19 Cyc. 269; Fullerton v. Carpenter, 71 S. W. 98; Clark v. Thompson Co., 52 Atl. 720; 4 R. C. L. 310.

BURCH, Circuit Judge. This is an action to recover a broker's commission for the sale of real estate. The disposition of the case depends upon conflicting evidence submitted to a jury under proper instructions, and the verdict should not be disturbed. The requested instructions, wherein they state the law clearly, have been fully covered by the instructions given. There was no error in refusing to give the instructions requested nor error in the instructions given by the court. The defendant did not own all of the land he contracted to sell, and the contract of sale, although executed, and a payment made thereon, was never performed. Because defendant was not the owner of all the land and the contract was not fully performed, appellant contends (and this is the only proposition upon which he cites any authorities) that plain-

tiff and defendant were engaged in a joint venture which failed, and for that reason plaintiff ought not to recover a commission as upon an ordinary brokerage agreement. The cases cited by the appellant all cover matters in which there was an inherent defect in the title known to the brokers at the time of listing of the property for sale and in those cases the title failed by reason of the defect without any fault of the seller. In this case the question of whether or not the failure of performance was due to defendant's failure to acquire title, or due to defendant's refusal to perform, was fully submitted to the jury under proper instructions. Defendant asked an instruction on this question, and, while that was not given, the court covered the matter in two separate paragraphs of his instructions.

Unless the broker and his employer had expressly stipulated to the contrary, the broker is entitled to his compensation upon the completion of the negotiations he undertook, irrespective of whether or not the contract negotiated is ever consummated, so long as the failure to carry it through to a successful completion is not due to any fault of the brokers. 4 R. C. L. 310.

Finding no error in the record, the judgment appealed from is affirmed.

BURCH, Circuit Judge, sitting in lieu of ANDERSON, J., disqualified.

Note.—Reported in 202 N. W. 284. See, Headnote, American Key-Numbered Digest, Brokers, Key-No. 61(1), 9 C. J. Sec. 104.